JAMES L. BOGART and another *v.* BERNARD DONLIN.

APPEAL from the City Court of New Orleans, *Collins,* J.

*T. A. Clark,* for the plaintiffs.

*L. C. Duncan,* for the appellant.

MORPHY, J. This action is brought by the payees against the drawer of two promissory notes, which appear to have been in renewal of other notes, and given for a balance due on the price of fifty-eight barrels of tallow bought by the defendant from the plaintiffs on the 31st of December, 1841. The defence set up is a partial failure of consideration owing to the very inferior quality of twenty-one barrels of the tallow. The court below rendered a judgment in favor of the petitioners, from which the defendant took this appeal.

It is not shown that at the time of the sale any representations were made by the sellers as to the quality of the article. It appears to have been purchased by the defendant, only after he had inspected it to his satisfaction, and found it to be of good quality. All the witnesses examined here agree, that the tallow appeared to them good, and that it exhibited no unusual or bad smell. On the other hand, testimony taken under a commission in New York, to which place the lot had been shipped, shows that twenty-one of the barrels contained tallow of inferior quality, and exhaling the most offensive smell, and which sold at two cents per pound less than the balance. The witnesses, there, were of opinion that the tallow could not have been injured on the voyage. They even express the belief, that tallow of inferior quality was put in the

middle of the barrels, and concealed by good tallow being placed at each end of them. This testimony when taken in connection with the correspondence of some of these witnesses with defendant, and the other circumstances of the case, is by no means conclusive as to the deceit supposed to have been practiced ; but even if such had been the case, the defendant, not having shown at what price he bought the tallow from the plaintiffs, we would be without the means of fixing what deduction should be made from the purchase money. In *Brown et al.* v. *Duplantier*, 1 Mart. N. S. 313, we held that, in a case of this kind, the measure of damages should be the difference between the price given, and that which would have been given had there been no deception. The testimony taken on the trial shows, that at the time of the sale, the indications of bad quality, which the witnesses, in New York, say were so apparent on the arrival of the tallow there, did not exist here. The inferior judge was of opinion that the tallow must have been injured by some accident on the way. However this may be, the evidence does not enable us to say that he erred in the conclusion to which he arrived, and to disturb the judgment appealed from.

*Judgment affirmed.*